JOHN DOYLE, JR., Plaintiff, *v.* FRENCH TELEGRAPH CABLE COMPANY, Defendant.

First Department, May 31, 1935.

*Joseph Kane* of counsel [*Irving A. Silverman,* with him on the brief; *Louis Shapiro,* attorney], for the plaintiff.

*John C. Crawley* of counsel [*Archibald G. Thacher* with him on the brief; *Barry, Wainwright, Thacher & Symmers,* attorneys], for the defendant.

TOWNLEY, J.   The controversy in this case arises from a change made in defendant's pension system by order of the French government.   The question is whether that change is binding on a New York citizen.

The defendant is a public service corporation organized under the laws of the Republic of France.   It operates a submarine cable between France and the United States.   In 1913, in Paris, its home

office, a pension fund was established to provide retirement annuities and disability and death benefits for defendant's employees in France and abroad. The defendant made substantial contributions to the fund and the fund was administered under certain by-laws which were approved in 1913 by the Minister of Commerce on behalf of the French government. All employees at the present time must be members of the fund and they contribute monthly an amount equal to five per cent of their salaries. Originally, under the by-laws, in case of resignation or dismissal from the company for any reason whatsoever or in the case of the death of an employee having less than fifteen years of regular service, the contributions made by such employee were to be returned without interest. Prior to 1930 there had been extensive legislation relating to workmen's disability and unemployment benefits in France and all existing French laws relating to social insurance were revised and amended on April 30, 1930. The changes effected in the fund, in so far as they affect plaintiff, are as follows:

" (a) An employee was no longer entitled to the return of his contributions on voluntarily leaving or being dismissed from the service of the defendant, as was provided by Article 8 of the By-Laws hereinabove mentioned.

" (b) Out of the contributions theretofore made to the Fund by such former employee and the defendant there must be deposited with the French National Pension Fund (an agency of the French Government), to the account of such former employee, a sum calculated in accordance with a prescribed actuarial formula. The deposit so made would secure for such former employee, from the National Pension Fund, a certain pension on his reaching the age of fifty, and would secure for him also stated death and disability benefits. The pension and other benefits so provided for have an actuarial value considerably in excess of the amount of such former employee's contributions, but they have no cash surrender value during the lifetime of such former employee."

The French National Pension Fund took over defendant's fund December 24, 1933.

The plaintiff was a resident and citizen of New York, was employed in this State, and was duly enrolled in the fund on October 1, 1929. The change went into effect on July 25, 1930. The plaintiff was promptly notified of these changes and did not express his consent to any of the changes. He continued in the employ of the defendant until May 15, 1934, when he voluntarily resigned.

According to the submission, " The defendant was and is required by the law of France to comply with the provisions of the Minis-

terial Decree hereinabove mentioned, and the defendant did not have, after the promulgation of said Decree, any right to pay out or to dispose of any of the assets of the Fund otherwise than in accordance with the provisions of said Decree.

" By the law of France the defendant is, and has been since July 25, 1930, absolved, as fully and completely as the law of France can absolve it, from any and all obligations imposed upon or assumed by the defendant, by reason of the provisions of Article 8 of the By-Laws, hereinabove referred to.

" According to the law of France, the facts herein stated constitute a complete defense to any legal proceeding based on the claim in controversy between the plaintiff and the defendant herein, and would constitute a complete defense to any similar claim advanced against it by a citizen of France."

The question presented to us is whether the defendant is liable to the plaintiff for the amount of his contributions. If the answer is in the affirmative, judgment may be entered for the plaintiff in the amount of $261.22; otherwise the judgment should be entered for the defendant.

We believe that it has been definitely established that plaintiff is bound by the measures taken by the French government in regard to this pension fund. The Court of Appeals in *McClement* v. *Order of Foresters* (222 N. Y. 470, 479), discussing a Canadian association in the charter of which changes had been made by act of the Canadian Parliament and which changes affected a New York citizen, decided as follows: " The defendant in doing business under its charter was not only governed and controlled by it but was subject to such modifications, restrictions and repeal as should from time to time seem to Parliament to be required by the public good. Its charter is carried with it wherever it goes. Every contract made by it whether in Canada or elsewhere is dependent upon its authority. It is true in this case that the plaintiff is a resident and citizen of the State of New York. In many respects the defendant when doing business in this State is subject to our laws, but its power to contract is dependent upon its charter. In *Supreme Council Royal Arcanum* v. *Green* (237 U. S. 531, 542), reversing this court (*Green* v. *Supreme Council Royal Arcanum*, 206 N. Y. 591), the court say: ' As the charter was a Massachusetts charter and the constitution and by-laws were a part thereof, adopted in Massachusetts, having no other sanction than the laws of that State, it follows by the same token that those laws were integrally and necessarily the criterion to be resorted to for the purpose of ascertaining the significance of the constitution and by-laws.' (See *Sauerbrunn* v. *Hartford Life Ins. Co.*, 220 N. Y. 363.) In *Canada*

*Southern Railway Company* v. *Gebhard* (109 U. S. 527, 537) the court say: ' A corporation " must dwell in the place of its creation, and cannot migrate to another sovereignty " (*Bank of Augusta* v. *Earle*, 13 Pet. 588), though it may do business in all places where its charter allows and the local laws do not forbid. (*Railroad Co.* v. *Koontz*, 104 U. S. 12.) But wherever it goes for business it carries its charter, as that is the law of its existence (*Relfe* v. *Rundle*, 103 U. S. 226), and the charter is the same abroad that it is at home. Whatever disabilities are placed upon the corporation at home it retains abroad, and whatever legislative control it is subjected to at home must be recognized and submitted to by those who deal with it elsewhere. A corporation of one country may be excluded from business in another country (*Paul* v. *Virginia*, 8 Wall. 168), but, if admitted, it must, in the absence of legislation equivalent to making it a corporation of the latter country, be taken, both by the government and those who deal with it, as a creature of the law of its own country, and subject to all the legislative control and direction that may be properly exercised over it at the place of its creation. Such being the law, it follows that every person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes. To all intents and purposes, he submits his contract with the corporation to such a policy of the foreign government, and whatever is done by that government in furtherance of that policy which binds those in like situation with himself, who are subjects of the government, in respect to the operation and effect of their contracts with the corporation, will necessarily bind him. He is conclusively presumed to have contracted with a view to such laws of that government, because the corporation must of necessity be controlled by them, and it has no power to contract with a view to any other laws with which they are not in entire harmony. It follows, therefore, that anything done at the legal home of the corporation, under the authority of such laws, which discharges it from liability there, discharges it everywhere.' " To the same effect see *Hartford Life Ins. Co.* v. *Ibs* (237 U. S. 662); *Canada Southern R. Co.* v. *Gebhard* (109 id. 527), and *Dougherty* v. *Equitable Life Assurance Soc.* (266 N. Y. 71).

Judgment should be directed for the defendant, without costs.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment directed in favor of the defendant, without costs. Settle order on notice.