## Norris et al. v. Bowles et al.
### Nov. 13, 1942.

Claude E. Smith and Pennish & Rashbaum for appellants.

R. Miller Holland, Morton Holbrook and E. B. Anderson for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Dismissing Appeal.

Appellants, more than 100 in number (excepting the Freeman Factories), were employees of the Ames Corporation, prior to February 15, 1940, and engaged in manufacture of furniture. Appellees are the trustee in the Ames Corporation's bankruptcy proceeding, and Commonwealth of Kentucky, Daviess County and the City of Owensboro.

In petition plaintiffs asserted that for labor performed from January 16 to February 15, 1940, they had not been paid, exhibiting itemized statement of amounts due to each, the total about $6,689.57; that employers being unable to meet payrolls during the periods named, and at appellants' request Freeman Factories paid the respective amounts due them and took written assignments of wages earned during the stated period.

Relying on Sections 2487 to 2491 Ky. Stats., inclusive, they asserted lien on the corporation's property and asked judgment for the respective sums due each claimant, in the aggregate stated, with a lien for the benefit of the Freeman Factories, their lien to be paramount, "inferior only to the lien of the City of Owensboro, Commonwealth of Kentucky and Daviess County," for taxes due.

To the pleadings filed on March 28, 1940, there was no response and on May 24th the chancellor adjudged to plaintiffs their respective claims, for the use and benefit of Freeman Factories, the liens to be superior and paramount, "inferior only" to the tax liens mentioned. Without prayer for sale the court ordered so much of Ames' property sold as would satisfy the debts of plaintiffs.

On March 29, 1940, Ames Corporation filed a petition for reorganization, as provided by the Bankruptcy Act of June 22, 1938, 11 U. S. C. A. Section 1 et seq. On June 5, 1940, Coots, reorganization trustee, moved to be made a party to the suit and that the court set aside the default judgment on the ground that Section 148 of the Bankruptcy Act, 11 U. S. C. A. Section 548, provided for a stay of proceedings of prior mortgage foreclosure, equity receivership proceedings, and any act or other proceeding to enforce a lien against the debtor's property. That the effect of approving the petition (bankruptcy) operated to stay all proceedings in the pending action, in the absence of a ruling otherwise by the district judge, which order had not been sought or granted.

On April 7, 1941, plaintiffs asked that the trustee's motion be overruled. No action was taken thereon, and on April 14, Bowles, trustee in bankruptcy, entered appearance solely for the purpose of moving to quash the return on summons of the Ames Corporation. On April 15 the court sustained Bowles' motion to quash return. The court took up Coots' motion to set aside the former judgment and sustained it over the plaintiffs' objection with appeal granted. On the same day plaintiffs filed amended petition, asking that Bowles, bankruptcy trustee, be made a party to the suit. In this pleading they read into and adopted each and every allegation of their original petition, "as fully and with the same legal effect as if said allegation and each of them were set out verbatim herein." In their prayer they ask for "a first and superior lien on all of said property."

The record does not show that either Bowles or the Corporation was served with summons. However, on May 6 notice was served on Bowles, trustee in bankruptcy, and Ames Corporation, by posting copy on the secretary's door, notifying that plaintiffs would on May 7th insist on judgment upon failure to plead. There appeared no pleading following the filing of the amended petition, though Bowles had asked for time to respond.

On May 21st the court directed judgment as before, and further that plaintiffs had a lien "of such dignity and superiority as provided by Sections 2487 to 2491, inclusive, on the property of the Corporation." No sale was ordered. The plaintiffs objected "to so much of the judgment as does not adjudge plaintiffs a first, superior and paramount lien, inferior only to the lien of defend-

ants, City of Owensboro, Commonwealth of Kentucky and Daviess County, for taxes."

On May 22, 1942, the appellees, including trustee, filed in this court motion to dismiss the appeal, and in support verified answer, in which is recited the procedure and result in the Daviess court, and the procedure in the bankruptcy court; that there was no order asked of the Daviess court for a sale of the property, but that plaintiffs voluntarily filed their judgment claims with the referee, and asked that plaintiffs (appellants) be adjudged lien against the property of the bankrupt, "inferior to the liens" of the taxing units mentioned above, as the chancellor had adjudged.

Thereafter the assets of the Corporation were sold under order of the bankruptcy court for $25,350, "a sum substantially less than the cost of administration of said estate in bankruptcy, costs of preserving the estate, and the tax claims of the taxing units." Appellants say they contended in the bankruptcy court that their claims should be adjudged priority over all other claims as against the proceeds of sale.

The referee denied this contention and an order was entered in conformity, giving Freeman Factories a common claim for $4,819.11. Appeal was taken to the U. S. District Court on December 9, 1941, and the referee's opinion was sustained. Appeal was had to the Circuit Court of Appeals, 6th District, and is there pending, perfected by a filing of a copy of the record in this case.

Appellees moved to strike and demurred to the verified answer, filed reply denying the allegation of the answer in part and moved this court to grant time in which proof might be introduced on the motion to dismiss. This motion was not sustained, but had it been we cannot see how oral or other proof would be of assistance to the court, since all facts, save, perhaps, a controversy as to statements made before the referee in the bankruptcy proceeding, are shown by the record before us.

Looking to the original petition, the judgment thereon, the amended petition, which was merely for the purpose of bringing the trustee and corporation before the court, and the second judgment, we are unable to perceive where we have before us any justiciable issue. Appellants, according to their own construction, obtained

what they asked for in their pleadings. They apparently remained silent until it developed that the bankrupt's property had not sold for enough to meet other than the claims adjudged in the bankruptcy court. Here the bankruptcy court took over all the property as appears from the record on December 20, 1940, or at the most on December 31, prior to the entry of either of the two judgments supra, and perhaps within a few days after the filing of appellant's suit.

As we read the portions of the record of the bankruptcy court, made part of appellee's verified answer, we find that the referee in making his finding refused to recognize the lien alleged to have been obtained by the Freeman Factories on grounds apart from such as are presented in the record before us; likewise he adjudged, upon consideration of the lengthy claim set up by counsel for appellants, that according to the judgment of the circuit court they were not entitled to a lien superior to those governmental agencies which appellants in their pleading admitted were superior, and so treated them in the claim filed.

The Judge of the District Court, sitting as a bankruptcy court, upheld the referee and overruled the motion and petition of the Freeman Factories seeking superior lien in the bankrupcty court on the assignment from the Ames employees. Under the state of facts as manifested in the record, we are unable to see how any order of this court reversing the judgment below could afford appellants any relief. They obtained all the relief which they sought in the circuit court, and as we view the record any other relief they may be entitled to will have to come through the Federal court where the matter is pending and which court has in its hands the funds resulting from the sale of the bankrupt's property. Under those circumstances we must sustain appellee's motion.

Appeal dismissed.