## ROYSE v. FAULKNER et al.

Court of Appeals of Kentucky.

May 8, 1953.

Lena M. Craig and J. A. Edge, Lexington, for appellant.

Robert F. Houlihan, Lexington, for appellees.

DUNCAN, Justice.

On September 13, 1951, appellees filed this action in the lower court against the appellant, Homer B. Royse, and J. Porter Land, Clerk of the Fayette County Court, by which they sought to enjoin the clerk from placing the name of Royse upon the official ballot as a candidate for city commissioner of the city of Lexington to be voted for at the regular November, 1951, election. It was alleged that appellant's nominating petition contained a large number of fictitious names as well as a number of signatories who were not legal voters of the city of Lexington. It was further charged that the nominating petition did not contain the required number of signatures after deduction of the names of ineligible and nonexistent voters.

After hearing evidence on an application for a temporary injunction, the judge of the Fayette Circuit Court, on October 6, 1951, granted a temporary injunction enjoining the county court clerk from placing appellant's name upon the ballot. On October 11, 1951, application was made to a judge of this Court for a dissolution of the injunction, and the application was overruled on October 25, 1951. Appellant filed his answer on October 26, 1951, but made no effort to introduce testimony in his behalf, either on the hearing of the application for a temporary injunction or subsequent to the filing of his answer. With the record in this condition, the election was held on November 6, 1951, without appellant's name appearing on the ballot.

On June 14, 1952, although the question was moot at that time, a judgment was entered in the lower court making the injunction permanent. The appeal here is from that judgment. Appellees have moved

to dismiss the appeal because the question which it presents is moot.

■ This is not an election contest and no order this Court could make would affect the validity of the city election held in Lexington on November 6, 1951. The successful candidates for city commissioner were awarded certificates of election by the proper board and whatever disposition is made of this appeal their right to hold the offices to which they are elected would not be affected.

■ The rule has been applied by appellate courts without exception that where events have occurred which render it impossible for the court to grant effectual relief, the appeal will be dismissed. Finley v. Smith, 89 S.W. 547, 28 Ky.Law Rep. 564; Norris v. Bowles, 292 Ky. 541, 166 S. W.2d 981.

For the reasons indicated, the appeal is dismissed.