**POLICEMEN'S AND FIREMEN'S RETIREMENT FUND OF the CITY OF NEWPORT et al., Appellants.**

**v.**

**Etzel A. SHIELDS, Sr., Appellee.**

Court of Appeals of Kentucky.

March 21, 1975.

Lawrence Riedinger, Jr., Newport, for appellants.

Charles J. Schear, Newport, for appellee.

N. MITCHELL MEADE, Special Commissioner.

Etzel A. Shields, Sr., the appellee, was employed as a police officer in Newport, Kentucky, from December 25, 1963, until January 22, 1968, when he was dismissed from service for misconduct. The validity of the dismissal is not an issue in this case.

After his discharge, Shields applied for a refund of his contributions to the police-

men's and firemen's retirement fund. The application was denied by the fund, whereupon Shields commenced this action in the Campbell Circuit Court for a refund. The court entered judgment directing a refund of Shields' contributions in the amount of $1,133.29. The fund's motion for an appeal from that judgment was sustained and the appeal is now before us.

Newport is a city of the second class and under the statutes governing retirement funds for a city of this class all contributions into the retirement fund are mandatory, as a condition of employment, rather than voluntary. Contributions were made from appellee's salary.

■ The rights of persons participating in a pension plan are governed entirely by the terms of the pension plan and the statutes under which it is operated. Doyle v. French Tel. Cable Co., 244 App.Div. 586, 280 N.Y.S. 281 (1935); Board of Education of Louisville v. City of Louisville, 288 Ky. 656, 157 S.W.2d 337 (1941). The statutory law governing pension systems of municipalities in Kentucky is found in Chapter 95 of the Kentucky Revised Statutes. While there is no statute which specifically permits a refund of contributions after discharge for cause, KRS 95.866 says: "(1) Upon withdrawal from service prior to retirement, a member shall be entitled to receive a refund of the amount of contributions made by the member after the date of establishment, without interest." It is the contention of the appellants that the word "withdraw" means a voluntary act on the part of the member as opposed to an involuntary dismissal. In support of this position, appellants cite Bates v. Aaron, Ky., 317 S.W.2d 480 (a partnership case), where the court said, ". . . the phrase 'withdraws for any reason what-

soever' connotes a disassociation by an act of the withdrawer and cannot be construed to include involuntary dismissal, in the absence of an express intent to do so."

Our research reveals that there is no authority in Kentucky on the specific issue of whether or not contributions may be refunded to a member of the fund upon his discharge from the service for cause, other than an opinion rendered by the Attorney General, cited as O.A.C. 42927 and dated March 9, 1959. The Attorney General in this opinion said that the member was not entitled to a refund of the contributions if he was discharged, and relied upon *Bates*.

■ The holding in *Bates* that the phrase "withdraws for any reason whatsoever" connoted a disassociation by an act of the withdrawer and could not be considered to include involuntary dismissal is not controlling of the issue in the instant case. There we were construing a private contract between a physician and a clinic in an attempt to interpret the intent of the parties to that contract. Here the question is one of finding legislative intent as expressed in statutes. In determining what KRS 95.866 means when it says that upon withdrawal from service a member is entitled to a refund of his contributions, we think weight must be given to KRS 95.877, which gives a member a *vested* right in his contributions. In view of the sacredness attached by the law to vested rights, and since KRS 95.877 does not place any qualification on the extent of the vested right it gives, we think KRS 95.866 cannot properly be construed as by implication divesting contribution rights in case of an involuntary separation from service.

The judgment is affirmed.

All concur.