LOUISVILLE POLICEMEN'S RETIREMENT FUND, Appellant,

v.

William K. BRYANT, Appellee.

No. 75–912.

Supreme Court of Kentucky.

Sept. 16, 1977.

Rehearing Denied Oct. 28, 1977.

George H. Logan, Hardy, Logan & Hastings, Louisville, for appellant.

Teddy B. Gordon, Bartley & Gordon, Louisville, for appellee.

LUKOWSKY, Justice.

Bryant served as a member of the Louisville Police Department from November 1969 until April 1974 when he voluntarily withdrew from service. He seeks to compel the Fund to return the $2,036.37 that he was required to contribute as his share of the pension premium during the period of his service. The Fund contests his right to a refund of his contribution on the basis that City of Louisville Ordinance section 135.17, a part of the ordinance which establishes and governs the Fund, provides that there shall be no refund of contributions if a police officer does not complete at least five years of service. The trial judge granted summary judgment in favor of Bryant. We reverse.

In *City of Newport v. Shields*, Ky., 521 S.W.2d 82 (1975) we held that the rights of persons participating in a pension fund are governed entirely by the terms of the pension fund and the statutes under which it is operated[1] and affirmed a judgment directing a refund. The trial judge has not favored us with a memorandum of decision explaining his action in this case. He apparently has placed too much emphasis on the result and too little emphasis on the rationale of that case.

The statutes decisive of *City of Newport v. Shields, supra,* entitled a policeman to a refund of his contributions to a pension fund when he withdrew from service with the city at any time prior to retirement and provided that his right to his contribution was vested. KRS 95.866; KRS 95.877.

However, these statutes apply only to pension funds of cities of the second class. KRS 95.851(b). Newport is a city of the second class, but Louisville is a city of the first class.

Police retirement funds for cities of the first class are governed by KRS 95.290. This statute provides that cities of the first class may enact ordinances establishing a police retirement fund. It makes no mention of either refunding of contribution or vesting of rights. It is apparent that the General Assembly has elected to leave these questions to the discretion of the legislative body of first class cities.[2]

Pursuant to this grant of authority, Louisville chose to establish a fund which did not permit police who left the force to withdraw any part of their contribution unless they had served at least five years and which did not grant a vested right in such contribution. This decision is neither arbitrary or capricious. It is supported by rational considerations, e. g., it encourages police to remain in service, it removes at least one uncertainty for the actuary in making his calculation of the needs of the fund and provides money for the administration of the fund. The scheme does not run afoul of section 2 of the Constitution of Kentucky and counsel have, commendably, not attempted to lay a federal constitutional smoke screen.[3] Louisville Ordinance section 135.17 should be enforced as written.

The judgment is reversed and the cause is remanded to the Jefferson Circuit Court with directions to dismiss Bryant's complaint at his cost.

All concur.

1. See also Anno.: Pension Plan—Rights of Employee, 42 A.L.R.2d 461 at 482.

2. The Federal Pension Reform Act specifically exempts governmental pension funds from its coverage. Consequently, it imposes no restraints on Louisville's discretion. 29 U.S.C. sec. 1003(b).

3. If they had, they would have found it dissipated by the westerlies of *Muzquiz v. City of San Antonio*, W.D.Tex., 378 F.Supp. 949 (1974).