**Joan Elizabeth RATCLIFF, Appellant,**

v.

**Robert Lee RATCLIFF, Appellee.**

Court of Appeals of Kentucky.

Aug. 24, 1979.

Elise Givhan Spainhour, Givhan, Spainhour & Spainhour, Shepherdsville, for appellant.

John D. Dale, Jr., Coots & Dale, Taylorsville, for appellee.

Before HAYES, LESTER and WHITE, JJ.

HAYES, Judge.

Pursuant to the dissolution of the marriage of Joan and Robert Ratcliff, the Bullitt Circuit Court took two actions which are now complained of by Joan. Custody of the couple's four-year-old son, Robert, was awarded to his father, and the trial court refused to consider as marital property the value of Robert's employer's contribution to Robert's pension account.

■ We will first consider the award of custody which provided for reasonable visitation rights to the mother. Joan argues that an award of legal custody to Robert is a *de facto* award of custody to his mother, and that we should thus consider this case as involving the rights of a natural parent, the mother, vis a vis those of a third party, the grandmother. The record indeed reflects that Robert Sr., in whose custody the child has been since the couple separated, delegates a great deal of child care to his mother, who is retired. The court was fully aware of this circumstance, and indeed considerable evidence was heard as to Robert Jr.'s relationship with his grandmother. Most of that evidence was favorable. We recognize that any custodial parent who works for a living must make suitable arrangements for child care during the time that he or she is at work. We do not believe that Robert Sr.'s arrangement with his mother goes beyond that to an abdication of custody. It is still Robert Sr. who bears the responsibility for support of Robert Jr. and for the major decisions affecting the child's future, *i. e.* schooling, residence, etc.

■ Joan also argues that the custody award was influenced by irrelevant evidence as to her marital misconduct. We agree that that evidence, which was rather extensive, was not the proper subject for the court's consideration and that most of it could perhaps have been excluded. (We might feel more strongly had not Joan herself opened the door to the testimony complained of.) The court's findings, however, reveal that the decision was not based on any irrelevant considerations. The court did not find Joan unfit, but found the best interests of the child to lie in custody by the father, based on consideration of a number of relevant and appropriate factors. There is ample evidence to support such a determination, and given a trial court's broad discretion in such matters, we will not disturb the decision below.

■ We also hold that there was no error in excluding the employer's contribution to Robert's pension plan during the marriage. We consider not the source of the contribution, but rather whether a party's rights in the fund have vested. We consider nonvested amounts in pension funds to be too speculative to treat as marital property.

■ There is one context in which it would not be inappropriate to consider the value, however speculative, of such nonvested rights. KRS 403.190(1) calls upon courts to divide marital property in "just proportions." Courts are directed to consider all relevant factors, including several enumerated in the statute. Subsection (d) shows one of the named factors to be, "[e]conomic circumstances of each spouse when the division of property is to become effective . . . ." A nonvested or contingent amount in a pension fund can, where equity so requires, be viewed as an "economic circumstance," even though the nonvested fund is not marital property and therefore cannot be divided. In the instant case, we believe that the court arrived at a just division of marital property whether or not contingent pension amounts were considered.

We affirm the Bullitt Circuit Court.

All concur.