**Jo Ann LIGHT, Appellant,**

v.

**Charles Willis LIGHT, Appellee.**

Court of Appeals of Kentucky.

May 9, 1980.

Nick L. Pearl, Ratcliff, for appellant.

G. William Bailey, Jr., Pate, Richardson & Bailey, Elizabethtown, for appellee.

Before BREETZ, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Jo Ann Light appeals from that portion of a judgment of the Hardin Circuit Court dissolving her marriage with Charles Willis Light which divided the marital property and failed to award her permanent maintenance. She presents three allegations of error.

1. The court erred by failing to award her permanent alimony and by limiting her maintenance to a period ending upon the graduation of the parties' 18-year-old son from high school.

2. The court erred in failing to consider Charles's military pension for purposes of determining maintenance.

3. The court erred in failing to divide the military pension between the parties as part of the marital property.

Both parties petitioned the court to dissolve the marriage, and the actions were consolidated. The parties were married for 22½ years and had four children. Three of the children were residing in the home at the time of the dissolution—June, 1979. Their ages were 20, 18, and 16. The 18-year-old was in high school and was not due to graduate for another year.

Jo Ann was employed and earning approximately $400.00 per month. Charles Light is or was a master sergeant in the United States Army, and he was earning approximately $1,150.00 per month. He was to be eligible for retirement in October 1979, approximately four months after the judgment was entered. If he elected to retire at that time, his retirement pay would be approximately $544.00 per month. He was trained in hospital administration and intended to apply for a comparable civilian job which would pay between $11,000.00 and $11,500.00 per year.

The parties had accumulated very little marital property during the marriage. What property did exist was divided somewhat equally.

Jo Ann was awarded custody of the 16-year-old child, and the court ordered Charles to pay $300.00 per month as child support until the dependent reached age 18. The time would be approximately 14 months. The court also awarded Jo Ann $200.00 per month as temporary maintenance to help support the 18-year-old until he finished high school, which would be in May 1980. The court made no other award of maintenance for Jo Ann.

We will consider Mrs. Light's allegations of error in the reverse order. First, we conclude that the trial court did not err in refusing to declare the military pension to be divisible marital property. This Court has recently held in *Russell v. Russell*, Ky. App. (Rendered April 25, 1980), that a military pension may not be construed as "property," which is divisible upon divorce. That opinion left open the possibility of considering the pension as a basis for awarding and paying future maintenance, however.

We also note that Charles Light's military pension was not vested at the time of the dissolution of the marriage. A military pension vests only after completing 20 years of service. At the time of the dissolution, Charles had completed 19½ years. This Court held in the case of *Ratcliff v. Ratcliff*, Ky.App., 586 S.W.2d 292 (1979), that nonvested pension funds are too speculative to treat as marital property. The opinion goes on to read, at 293:

There is one context in which it would not be inappropriate to consider the value, however speculative, of such nonvested rights. KRS 403.190(1) calls upon courts to divide marital property in "just proportions." Courts are directed to consider all relevant factors, including several enumerated in the statute. Subsection (d) shows one of the named factors to be, "[e]conomic circumstances of each spouse when the division of property is to become effective . . . ." A nonvested or contingent amount in a pension fund can, where equity so requires, be viewed as an "economic circumstance," even though the nonvested fund is not marital property and therefore cannot be divided.

From a reading of *Russell, supra,* and *Ratcliff, supra,* we can see that even though the military pension, vested or nonvested, cannot be considered as divisible property, it may be used as a basis for paying maintenance if the equity of the total economic circumstances of the parties, including the spouse's lack of property and ability to support herself, require that some amount of maintenance be awarded. We therefore turn to the second issue which is whether the trial court erred in failing to consider Charles's share of the military pension for purposes of determining maintenance. Under the circumstances in this case, we must conclude that it did abuse its discretion in denying maintenance to Mrs. Light.

■ Generally, anything accrued and acquired during a marriage is marital property. KRS 403.190(2). A pension is a form of deferred compensation which is earned during each day of month of military service or other work. It cannot be considered as being earned on the day it matures. The value of a pension, if any should therefore be marital property for the portion accrued during coverture. This fact is true for any pension, whether nonvested or noncontributory. However, *Russell, supra,* prohibits a military pension from being considered as divisible property, and *Ratcliff, supra,* prohibits a nonvested pension from being considered marital property.

■ This case presents a situation where there was very little marital property to be divided. The contingent pension was the greatest potential asset accrued during the marriage. The earning ability of Jo Ann is considerably less than Charles, and when her children leave home, she will have little to show for her 22½ years of marriage. Charles, on the other hand, will have a pension of $544.00 per month, or more. He is also capable of earning a substantial additional income, based on the training he received in the Army. He is 41 years old and will undoubtedly continue to serve in the Army until he has reasonable assurance of some outside employment.

When we consider the overall economic circumstances of each spouse, together with Jo Ann's lack of property, including what marital property was apportioned to her, we are forced to remand this action to the circuit court for a reevaluation of the facts, in light of KRS 403.190 and 403.200, together with the reasoning in this opinion.

Most pensions, and all military pensions, whether vested or nonvested, are contingent in one form or another. The nonvested pension is contingent as to whether anything will ever be paid, and both vested and nonvested military pensions are contingent as to how much will be paid and for how long. Payment is only for the life of the serviceman (except for some survivor benefits to which an ex-spouse is ineligible).

Justice will be served when a contingent interest in pension benefits is settled at the time a marriage is dissolved. It would appear to be fair, if the current monthly benefit could be determined and a specific amount be ordered to be paid by the pensioner if, when, and for so long as he is eligible to receive benefits. We say "eligible," because otherwise a serviceman who elects to stay on active duty for 30 years for current income and a 75% pension could deprive the ex-spouse of 10 years benefits. Such a method avoids the problem of determining a present cash value which might be impossible to pay, and it also avoids the problem of applying property principles of law to an indefinite and contingent asset.

It divides between the pensioner and the ex-spouse the risk of never receiving or becoming eligible for the pension or of receiving only a small amount for a short time.

This method, when necessary and appropriate for dividing an estate, would be equally applicable to all pensions, whether contingent or vested or whether contributory or noncontributory.

*Foster v. Foster*, Ky.App., 589 S.W.2d 223 (1979), considered a vested, noncontributory pension which was determined to be marital property subject to division. The husband had not retired, and the wife requested a lump-sum payment of the present value of the pension. An actuary had determined that the current value was $21,181.90. The opinion reads, in part:

> . . . [T]he husband is not entitled, at any time, to draw a lump-sum payment, and his rights and benefits are prospective only. We feel that the lower court was correct in making the rights of the spouse equally prospective, and do not consider the ratio of two-thirds/one-third inequitable. The wife is not entitled to share in any pension benefits earned after divorce and before retirement, and it would clearly be possible for this pension to increase by $70.00 a month before retirement. 589 S.W.2d at 224–225.

Although *Foster, supra*, involved a vested pension, the reasoning supports the prospective or contingent future payment of maintenance theory for contingent-type pensions.

There are may suggestions we would like to offer for a situation such as presented by this case, but as we consider the known facts, we begin to open unlimited additional possibilities. The solutions and outcomes naturally vary as the circumstances change. We will nevertheless discuss a few of the most obvious considerations.

■ The settlement should be finalized as much as possible at the time of the divorce. Since ongoing maintenance ties the parties together, it should be avoided except as circumstances of need and fairness demand. Maintenance as a method to divide existing or contingent property should be a last resort, unless desired by the parties.

■ When considerations of KRS 403.190 and 403.200 require some division of a pension, the amount and the beginning time must be determined. The beginning time may depend on current need or whether it is merely a method to share the potential asset. The time at which the pensioner will be eligible to draw a pension will be a factor. Charles Light is eligible now, but others may have a substantial time lag between the time of the dissolution and the time of eligibility. If any maintenance is required immediately, the amount paid before the pension is payable should affect the ultimate amount expected to be shared from the pension.

Any number of factors can affect whether any part of a pension should be divided. Among them, especially when the wife has worked and the husband has been in the military, are whether the wife is accruing a pension and what, if any, social security benefits she has acquired.

The value of a pension and the amount to be paid must be determined as of the time of the dissolution. A maintenance theory might seem to call for more flexibility, but if the primary purpose is to share an asset or potential asset, it should be based on the estimated monthly value at that time. This will account for current pay, rank, and time in service. It will not allow for future promotions and pay increases or decreases. The actual calculations should be made by multiplying the current pay basis for retirement (current pay, average of the five highest years, etc.) times the percentage for the earliest or current retirement benefits (50% for 20 years in military service) times the percent of the vesting time that the parties were married. If the base pay for retirement purposes is $1,000.00, and if 50% can be drawn after 20 years of service, the current total monthly value of the pension, if eligible, is $500.00. If the parties have been married while employed in the military for 10 of the 20 years, the part to be

considered for sharing would be 50% or $250.00. The difficult determination of what amount, if any, to award as future potential maintenance must then be decided.

*Ratcliff, supra,* held that nonvested pensions are "too speculative" to be considered as "marital property." Prospective divisions of contingent pensions are speculative, too, but in cases such as this, they may be necessary to achieve fairness. Fairness is the goal of KRS 403.190 and 403.200, and it is that result which will be the measure of the proper application of the trial judge's discretion.

Jo Ann Light's final allegation of error was that the court erred in limiting her maintenance to the period ending when the 18-year-old son completed high school. She was awarded $300.00 per month child support for the 16-year-old, and since the 18-year-old was not entitled to child support as such, Jo Ann was awarded $200.00 per month maintenance for the time he would continue in school. For the reasons we have already stated, we conclude that the court abused its discretion by failing to award some amount of maintenance to Jo Ann.

By the time this case is remanded, the 18-year-old will have completed high school, and the court must reevaluate what, if any, maintenance Jo Ann should receive, exclusive of any child support. The court may need to reevaluate the child support in light of the overall modification, however. Charles Light would also be entitled to a credit for the $200.00 per month maintenance he has already provided.

For the foregoing reasons, this case is reversed, and the action is remanded to the Hardin Circuit Court for further action consistent with this opinion.

All concur.