**Ell HOWARD and Joey Isaac, Appellants,**

v.

**MAGOFFIN COUNTY, By and Through the County Attorney; Paul Hudson Salyer, County Judge/Executive; Marvin Ray Adams, Magistrate; Louise Hoskins; and Robert Purdom, State Local Finance Officer, Appellees.**

Court of Appeals of Kentucky.

July 31, 1987.

Eldred E. Adams, Jr., Louisa, J.K. Wells, Wells, Porter, Schmitt & Walker, Paintsville, for appellants.

Robin Simpson Smith, John C. Collins, Turner, Collins and Smith, Salyersville, for appellee Hoskins.

David L. Armstrong, Atty. Gen., Nathan Goldman, Asst. Atty. Gen., Frankfort, for appellee Purdom.

Teddy L. Flynt, Magoffin Co. Atty., Salyersville, for appellee Magoffin County.

Gordon B. Long, Salyersville, for appellee Paul Hudson Salyer.

Before COMBS, COOPER and DYCHE, JJ.

DYCHE, Judge.

Appellants are two of three magistrates of the Magoffin County Fiscal Court. They appeal both the temporary mandatory injunction and the judgment of contempt of the Magoffin Circuit Court. We affirm.

The controversy leading to this action arose over the passing of the annual budget for Magoffin County. Paul Salyer, Magoffin County Judge/Executive, an appellee herein, submitted a proposed budget to the fiscal court pursuant to KRS 68.240(1). On June 19, 1986, the fiscal court met and voted on the proposed budget item by item. The court was able to agree on everything except three expenditures, namely, salaries for a finance officer, sanitation officer, and a secretary for the county judge/executive. Appellees Salyer and Marvin Ray Adams (the third magistrate) voted to approve the salaries; appellants voted in the negative.

The deadlock could not be resolved. As a result, no budget was approved by July 1 (i.e., the new fiscal year), and the county government virtually shut down. Magoffin County, by and through its county attorney, filed a complaint against the entire fiscal court for malfeasance. Subsequently, Louise Hoskins as a Magoffin County taxpayer moved to intervene as a party plaintiff; Robert Purdom, state local finance officer, also moved to intervene and to compel compliance with county budget law pursuant to KRS 68.350. The plaintiffs moved the circuit court to issue a temporary injunction ordering the fiscal court to approve a budget. Because of the intervention of Hoskins and Purdom, Magoffin County was dismissed as a party plaintiff.

A hearing was held on July 18, 1986, at which time witnesses for all parties were heard. The circuit court found that immediate and irreparable injury would result if the fiscal court failed to pass a budget: there was no solid waste collection, the county's insurance had lapsed, utilities had been cut off to all county buildings, roads were not being repaired, and all county employees had been laid off. Although an emergency order kept the jail and courthouse open, both were minimally staffed. The circuit court issued a temporary mandatory injunction against the entire fiscal court. The order recited the statutory duties insofar as approving a budget was concerned and went on to state that, unless they successfully approved a budget by the following day at 6:00 p.m., the three magistrates and the county judge/executive would be held in contempt of court.

Each faction refused to budge. On July 29, 1986, a show cause hearing was held for the fiscal court's failure to comply with the temporary mandatory injunction. Salyer testified that the personnel in question were necessary to run the county judge/executive's office; the positions were not new—all personnel had been working for him for the previous four years. Isaac admitted that he objected more to the hiring of particular employees than to approving the salaries of those positions. Both he and Howard testified that the county judge/executive pro tem could master the secretarial and financial skills necessary to do all these jobs; they thought the money could be better spent elsewhere, albeit neither could be specific when questioned further.

At the conclusion of the testimony, the special judge assigned for the contempt hearing found that Isaac and Howard had acted in bad faith in refusing to approve the budget. He held them both in contempt of court and ordered that they be put in jail and fined $100.00 per day. However, appellants could purge themselves of contempt by approving a budget. Isaac and Howard immediately signed the budget as proposed and filed notice of appeal.

Appellants first argue that the court's temporary mandatory injunction together with its subsequent order finding them in contempt were beyond the power of the circuit court. The injunction was unlawful, they contend, because it wrongfully usurped the fiscal court's discretion. Additionally, appellants argue that the entire fiscal court should have been held in contempt. The circuit court's finding of contempt against only half of the fiscal court resulted in approval of a budget under threat of jail and heavy fines.

We agree with appellants that a circuit court may not order a public official to exercise discretion in a particular manner. "Mandamus will issue to compel a fiscal court to act by exercising a discretionary duty, but mandamus will not be

used to control the fiscal court's discretion by directing that it be exercised in any particular way." *McKinstry v. Wells*, Ky. App., 548 S.W.2d 169, 174 (1977) (citations omitted). "While mandamus will lie to set a court in motion, it cannot be used to control the result." *Kaufman v. Humphrey*, Ky., 329 S.W.2d 575, 576 (1959), citing from *Hargis v. Swope*, 272 Ky. 257, 262, 114 S.W.2d 75, 77 (1938). The circuit court's temporary mandatory injunction did not interfere with the fiscal court's discretionary powers; the injunction merely compelled the entire fiscal court to fulfill its statutory duties within a certain period of time. All four members of the fiscal court were subject to compliance with the mandatory nature of the injunction. We therefore hold that said injunction was perfectly proper given the above factors.

We shall next consider the propriety of the judgment of contempt against appellants. While we question the · circuit court's finding that only half of the fiscal court failed to comply with the injunction, we cannot address this issue substantively because appellants, having purged themselves by signing the budget, waived it from our consideration. Additionally, Magoffin County has operated under the controversial budget for over a year now; it would be impossible for us to grant effectual relief at this time, and this issue is dismissed as moot. *See Royse v. Faulkner*, Ky., 257 S.W.2d 905, 906 (1953).

Appellants' second and final argument is that this court should fashion a mechanism to break a deadlock in a four-man fiscal court. Initially we decline to consider this issue because it is one to be addressed by the legislature rather than the judiciary. Secondly, we hold that this issue was not preserved for review. CR 76.14(6) states that "[a] party shall be limited on appeal to issues raised in the prehearing statement except that when good cause is shown the appellate court may permit additional issues to be submitted upon timely motion." Appellants' prehearing statement did not raise this issue. A mechanism for breaking the deadlock in the fiscal court was argued in appellants' motion to transfer this appeal to our Supreme Court or, in the alternative, to advance on the Court of Appeals docket; however, appellants admitted therein that the lower court did not deal with the issue. Furthermore, that motion was denied. As the requirements of CR 76.14(6) were not met, we are barred from considering the argument.

The judgment of the Magoffin Circuit Court is affirmed.

All concur.