229 N.J. Super. 156 (1988)
550 A.2d 1287
JOANNE R. CLEVELAND, PETITIONER-APPELLANT,
v.
BOARD OF TRUSTEES, POLICE AND FIREMEN'S RETIREMENT SYSTEM, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 1, 1988.
Decided December 8, 1988.
*157 Before Judges ANTELL, HAVEY and BROCHIN.
Lember and Ransavage, attorneys for appellant (Sharon B. Ransavage, on the brief).
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent (Deborah Klein Davis, Deputy Attorney General, on the brief).
The opinion of the court was delivered by BROCHIN, J.S.C. (temporarily assigned).
This is an appeal from a final administrative determination of the Board of Trustees of the Police and Firemen's Retirement System. We are called upon to answer the question whether N.J.S.A. 43:16A-17, which protects the retirement pension of a member of the System from garnishment, attachment or assignment, bars the Board of Trustees from paying a portion of a monthly pension directly to the pensioner's divorced wife to satisfy a divorce judgment which mandates equitable distribution to her of that part of the pension which was earned during the marriage. We hold that the statute is not a bar.
Joanne R. Cleveland and Thomas Cleveland were married for 23 years. Mr. Cleveland was a policeman employed by the Police Department of the City of Plainfield. During his employment, *158 he was a member of the New Jersey Police and Firemen's Retirement System.
Mr. and Mrs. Cleveland were divorced on March 6, 1985, before Mr. Cleveland's retirement. The judgment of divorce, which was entered with the consent of both parties, contained a provision which "ordered that upon [Mr. Cleveland's] retirement, the administrator of the New Jersey Police & Firemen's Retirement System pay directly to [Mrs. Cleveland] until the date of [Mr. Cleveland's] death, a sum...." which was to be determined in accordance with a formula intended to give Mrs. Cleveland half of the pension benefits which had accrued during their marriage. The parties have stipulated that this provision was intended as part of the equitable apportionment of marital assets. See N.J.S.A. 2A:34-23.
The Board of Trustees of the Police and Firemen's Retirement System was not a party to the divorce action and therefore is not bound by the judgment. However, on March 15, 1985, Mrs. Cleveland wrote to the Division of Pensions, enclosing a copy of the divorce judgment. The pension administrator was asked to retain the judgment "for your records so that payments pursuant to these provisions can be made to the alternate payee, Joanne Cleveland, at the time of Mr. Cleveland's retirement." The Division of Pensions replied:
Please be advised that we will not be able to honor that court order in its present form. N.J.S.A. 43:16a-17 prohibits the levying or execution of any court order against the pension funds of a member of the Police and Firemen's Retirement System. The New Jersey Attorney General's office has advised us that the only exception to those provisions would be where a valid court order specifically mandates the Division of Pensions to withhold a specific sum from the member's monthly retirement allowance and such withholding is specifically characterized as alimony or support payments only. Equitable distributions were not included in such exceptions. Since the withholdings requested in the court order appear to be for equitable distribution purposes and are not specifically mentioned as being for alimony or support, we will not be able to enforce such court order unless the language therein is amended to indicate that the withholding is for alimony or support.
Following Mr. Cleveland's retirement on July 1, 1986, he began receiving pension benefits of $1,592.50 per month. Mrs. *159 Cleveland claims that her former husband did not make any payments directly to her, and she again asked the Division of Pensions to comply with the provisions of the divorce judgment. The Division of Pensions reiterated its refusal. Mrs. Cleveland appealed to the Board of Trustees of the Police and Firemen's Retirement System and the Board affirmed the determination by The Division of Pensions.
At Mrs. Cleveland's request, the matter was then transferred to the Office of Administrative Law. At the direction of the administrative law judge, notice of the proceeding was given to Mr. Cleveland, inviting him to intervene. However, he did not respond or participate in the administrative proceedings.
In a thorough written opinion which carefully considers the arguments of the parties and the applicable law, the administrative law judge recommended that the Board of Trustees "pay directly to petitioner that portion of the monthly retirement allowance ordered by the court as equitable distribution" in the divorce judgment. The Board of Trustees, however, rejected the recommendations of the administrative law judge and affirmed its previous decision. The Board relied upon its interpretation of N.J.S.A. 43:16A-17 and, in addition, noted that one of the purposes of the statute was "to relieve the Division of Pensions and the several pension boards from the vast amount of administrative work attendant upon the processing of attachments, garnishment and levies" and it referred to "the onerous administrative burden which would be place[d] upon the Division in executing the judgment each month...."
We disagree with the Board of Trustees' interpretation of N.J.S.A. 43:16A-17. Insofar as pertinent, the statute reads:
"The right of a person to a pension ... or a retirement allowance ... shall be exempt from ... levy and sale, garnishment, attachment or any other process, and ... shall be unassignable."
In every reported case which has considered the issue, our courts have held that the strong considerations of public policy in favor of assuring support for a financially dependent spouse compel the conclusion that statutes such as N.J.S.A. 43:16A-17, *160 exempting pension payments from court process, could not have been intended, and should not be interpreted, to prevent courts from enforcing judgments for support and alimony out of pension funds. Thus, in Fischer v. Fischer, 13 N.J. 162 (1953), our Supreme Court upheld the authority of the Chancery Division to order the Police and Firemen's Pension Fund Commission of the City of Irvington to make monthly deductions from a pension payable to a retired police officer and to pay them to his divorced spouse pursuant to the divorce judgment. In reaching that result, the Court held that such an order was not precluded by the provisions of N.J.S.A. 43:16-7 which, like the statute at issue in the present case provided, "All pensions granted under this Chapter shall be exempt from execution, garnishment, attachment, sequestration or other legal process." The stated rationale for the decision was:
A holding barring recourse to the statutory pension to absolve the public from the burden of supporting the pensioner's wife or children would be perversive of the true intent and meaning of the act. And a decree of divorce in favor of the innocent wife does not relieve the guilty husband from the obligation of support; this is the significance of a provision for alimony. [Citation omitted.]
........
The interpretive principle in general application elsewhere is that the essential purpose of such immunity from process is the protection not only of the pensioner, but of his family as well, from destitution and the need for public relief, and, absent a clear and definitive expression contra, the provision will not be read to enable the husband to claim the full benefit of the pension as against his dependent wife and children, and thus to subvert the laws enjoining upon the husband the performance of this basic obligation of the marriage state. [13 N.J. at 168.]
In Thiel v. Thiel, 41 N.J. 446 (1964), the Court refused to enforce the express provisions of a private pension plan created under a collective bargaining agreement which stated, "No assignment of any pension will be recognized or permitted, nor shall any pension or payment on account of any pension be subject to attachment, execution or other legal process against the pensioner." (Id. at 449.) The Court pointed out, "A man's duty to support his family is one of the highest obligations in our social order.... The obligation is such that even though *161 he may not be able to work, if he has other means, he is required to apply them equitably in the discharge of this duty." (Id. at 449.) The Court declared:
Regardless of the precise and restrictive wording of an exemption provision, the restraint created should not be a barrier against recourse to the fund when it provides the only reasonably accessible asset for support of the wife within her state of residence. [Citation omitted.]
The purpose of exemptions is to relieve the person exempted from the pressure of claims hostile not only to his own essential needs but also to those of his dependents. But the purpose cannot be one relieving him of familial obligations, perhaps destroying what may be the family's last and only security, short of public relief. The husband's duty is to share his pension benefits with his wife, and the courts of the state of her residence, if they have jurisdiction over the fund, ought to enforce that duty when there is no other reasonably practical means of obtaining support open to her within the state. Id. at 451.
To the same effect, see Western Electric Company v. Traphagen, 166 N.J. Super. 418 (App.Div. 1979); Steller v. Steller, 97 N.J. Super. 493 (App.Div. 1967); Ward v. Ward, 164 N.J. Super. 354 (Ch.Div. 1978).
The Board of Trustees acknowledges that by virtue of Fischer v. Fischer, supra, alimony obligations can be satisfied directly out of payments from the Police and Firemen's Pension Fund. It contends, however, that assets payable to a spouse in satisfaction of equitable distribution fall into an entirely different category so that a court may not order the Police and Firemen's Pension Fund to satisfy equitable distribution obligations from pension payments. In seeking to draw that distinction, however, the Board of Trustees has failed to recognize that, as our Supreme Court has pointed out, "support payments are intimately related to equitable distribution." Lepis v. Lepis, 83 N.J. 139, 147 (1980); Smith v. Smith, 72 N.J. 350, 360 (1977). One of the purposes of equitable distribution was described as follows in Rothman v. Rothman, 65 N.J. 219, 228 (1974):
Hitherto future financial support for a divorced wife has been available only by grant of alimony. Such support has always been inherently precarious. It ceases upon the death of the former husband and will cease or falter upon his experiencing financial misfortune disabling him from continuing his regular payments. This may result in serious misfortune to the wife and in some cases will compel her to become a public charge. An allocation of property to the *162 wife at the time of the divorce is at least some protection against such an eventuality. In the second place, the enactment seeks to right what many have felt to be a grave wrong. It gives recognition to the essential supportive role played by the wife in the home, acknowledging that as homemaker, wife and mother she should clearly be entitled to a share of family assets accumulated during the marriage. Thus the division of property upon divorce is responsive to the concept that marriage is a shared enterprise, a joint undertaking, that in many ways, it is akin to a partnership.
For the same reasons which justify, indeed compel, the interpretation of N.J.S.A. 43:16A-17 to permit a court to order payment of alimony out of monthly pension payments, we hold that the same statute must and should be interpreted to permit satisfaction of an equitable distribution obligation from the same source.[1]
The Board of Trustees has not argued on appeal in support of the position which it took in its written decision that payment of a portion of a pensioner's monthly benefits to his spouse in satisfaction of an equitable distribution claim would be administratively burdensome. In any event, it is evident that fulfillment of that burden would be no more onerous than satisfying an alimony claim.
Finally, Mrs. Cleveland asserts on appeal that the Board of Trustees should be held in contempt for failing to comply with the provision of the divorce judgment which purported to order the administrator of the New Jersey Police and Firemen's Retirement System to make payments directly to her. We reject that assertion. She could have joined the Trustees of the *163 Fund as a party to the divorce proceeding, but she failed to do so. The judgment was therefore not binding upon the Fund.
REVERSED.
NOTES
[1] The same conclusion has been reached in circumstances quite similar to those of the present case in McDermott v. McDermott, 119 A.D.2d 370, 507 N.Y.S.2d 390 (N.Y. App. Div. 1986), appeal dismissed by 69 N.Y.2d 1028, 511 N.E.2d 81, 517 N.Y.S.2d 938 (1987), holding that the New York equivalent of equitable distribution could be satisfied out of a public pension fund despite a provision of the New York Administrative Code which declared that pension benefits "shall not be subject to execution, garnishment, attachment or any other process whatsoever, and shall be unassignable except as in this rule specifically provided." 507 N.Y.S.2d at 395.