**Danny J. GLIDEWELL, Appellant,**

v.

**Carol GLIDEWELL, Appellee.**

**No. 91–CA–002834–MR.**

Court of Appeals of Kentucky.

April 9, 1993.

Discretionary Review Denied by Supreme Court Sept. 22, 1993.

Katie Marie Brophy, Louisville, for appellant.

Brian E. Clare, Louisville, for appellee.

Before EMBERTON, SCHRODER and STUMBO, JJ.

SCHRODER, Judge:

This is an appeal from those portions of a decree of dissolution which divided the parties' property and debts and awarded attorney fees to the appellee. After reviewing appellant's arguments and the record, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

Appellant, Danny J. Glidewell, and appellee, Carol Glidewell, were married on May 8, 1976. One minor child was born of the marriage, who was four years old at the time Carol filed the petition for dissolution herein on March 3, 1989. At the time of the divorce, Danny was 36 years of age and employed by the Louisville Police Department, earning $21,500 per year. Carol was 38 years of age and employed by Wesley Manor Nursing Home, earning $16,950 per year. A hearing was held on February 8, 1991, and the case was submitted on briefs of counsel. Subsequently, Danny filed a post-trial CR 59.01 motion based on newly discovered evidence regarding marital funds which had allegedly been dissipated by Carol. On May 31, 1991, the court entered its findings of fact, conclusions of law and judgment, awarding custody to Carol, awarding $850 in attorney fees to Carol and dividing the parties' property as follows:

| To Petitioner [appellee]: | | |
|---|---|---|
| 1. Marital residence, together with mortgage thereon: | $21,131.46 | |
| 2. 1982 Ford LTD | 1,700.00 | |
| 3. Lou. Med. Credit Union Acct. | 190.25 | |
| TOTAL | | $23,021.71 |
| Less cash adjustment to respondent | | −530.93 |
| Balance Total | | $22,490.78 |
| To Respondent [appellant]: | | |
| 1. 1986 Ford Truck | $ 5,000.00 | |
| 2. Boat, with lien, net val. | 1,534.86 | |
| 3. Retirement Acct. | 4,864.99 | |
| 4. Savings withdrawn [and applied toward appellant's student loan] | 3,200.00 | |
| 5. Prudential–Bache Acct. | 5,000.00 | |
| 6. LPD, deferred compensation | 1,810.00 | |
| 7. Child support arrearage | 500.00 | |
| (Balance due petitioner, for which credit given against marital residence.) | | |

8. Cash adjustment due respondent with interest at 7% per annum, to begin 30 days from this date     530.93

TOTAL     $22,490.78

---

Danny thereafter filed a motion to amend, alter or vacate the court's judgment, raising several issues argued herein, including the court's failure to consider newly discovered evidence, the non-marital nature of his Louisville Police Department pension, the award of attorneys fees and the assignment to him of debts on his student loan, boat and car. The court overruled said motion and Danny now appeals.

We shall first address Danny's argument that the trial court erred in refusing to consider newly discovered evidence of Carol's dissipation of marital funds. Part of the evidence in question was a letter from the parties' insurance company stating that a claim of $407.00 was paid solely to Mrs. Glidewell because she falsely represented that their property was in her name only. Attached to this letter was evidence of the check written to Mrs. Glidewell to pay the claim. The other evidence was that one of the parties withdrew sums of money from their joint account on certain dates. Danny maintains this was evidence that Carol withdrew the money before a previous separation and applied same for her sole benefit. Danny maintains that said evidence should have been considered by the court in distributing the parties' assets.

█ Under CR 59.01(g), newly discovered evidence may be grounds for a new trial only if the moving party shows that she could not, with reasonable diligence, have discovered and produced the evidence at trial. *Walker v. Farmer,* Ky., 428 S.W.2d 26 (1968). The trial court is granted broad discretion in ruling on a CR 59.01 motion based on newly discovered evidence. *Gibbs v. Commonwealth,* Ky.App., 723 S.W.2d 871 (1986). With regard to the CR 59.01 motion in the present case, there was no showing of reasonable diligence as required by the rule, nor did counsel even attest to that fact in the motion. Therefore, we cannot say the trial court abused its discretion in failing to consider the evidence at issue.

█ The next issue presented for our review is whether the trial court erred in allocating Danny's pension from the Louisville Police Department as a distributive share of marital property. Danny contends that under KRS 427.120, his pension is exempt from division as marital property. The statute provides:

> No part of any police or firefighters' pension fund established in a city of the first, second or third class shall, before or after its order for distribution to any person entitled thereto, be seized or levied upon by any writ or decree for the payment of any debt, claim or judgment against the beneficiary of the fund.

As there is no case law in Kentucky on whether the statute exempts police and firefighters' pensions from classification as marital property, we must look to the construction of similar statutes in other jurisdictions. In *Cleveland v. Board of Trustees, Police and Firemen's Retirement System,* 229 N.J.Super. 156, 550 A.2d 1287 (1988), the Court held that a statute which protects the retirement pension of members of Police and Firemen's Retirement System from garnishment, attachment or assignment, does not bar the equitable division of the pension as marital property. The Court recognized its state's public policy favoring support for a financially dependent spouse and reasoned that the essential purpose of the statutory immunity is the protection not only of the pensioner, but of his family as well. The Court went on to say that, absent a clear and definitive expression to the contrary, the exemption will not be read to enable the husband to claim the full benefit of the pension as against his dependent wife and children, thus subverting the very purpose of the exemption. The same result was reached in *Matter of*

*Marriage of Sedbrook,* 16 Kan.App.2d 668, 827 P.2d 1222 (1992); *McDermott v. McDermott,* 507 N.Y.S.2d 390, 119 A.D.2d 370 (1986); and *Rice v. Rice,* Okl., 762 P.2d 925 (1988). In *Rice, supra,* the Court determined that the purpose of the exemption was to protect the pension from creditors and that a spouse in a divorce proceeding does not have the status of a creditor.

Our Attorney General has expressed his opinion that, based upon the principle that a child support obligation is not to be considered an ordinary contractual debt, but a moral obligation imposed by the state, and that the policy of Chapter 67A (Police and Firefighter's Retirement Fund) is to provide benefits for the pensioner's family as well as the pensioner, such benefits may be attached, assigned or garnished to satisfy a child support order. OAG 91–158. We would agree and extend his reasoning to a spouse's right to share in that portion of the pension accumulated during the marriage.

The funds contributed to a pension are funds that could have been spent by the family during the marriage. *See Matter of Marriage of Sedbrook, supra.* As such, they are marital assets, *see Mosley v. Mosley,* Ky.App., 682 S.W.2d 462 (1985), and will be treated accordingly absent a statute unequivocally stating otherwise such as KRS 161.700(2) which applies to teachers' retirement funds:

> Retirement allowance, disability allowance, accumulated contributions, or any other benefit under the retirement system shall not be classified as marital property pursuant to KRS 403.190(1). Retirement allowance, disability allowance, accumulated contributions, or any other benefit under the retirement system shall not be considered as an economic circumstance during the division of marital property in an action for dissolution of marriage pursuant to KRS 403.-190(1)(d).

Clearly, had the legislature intended to exempt the police and firefighters' pension from division as marital property, they could have used the express language in KRS 161.700(2). Since they did not, it remains classified as marital property.

The other argument made by Danny with regard to treatment of his pension was that the court improperly allocated Carol a portion of Danny's pension when his pension had a dollar value of zero on the date of the decree. Danny's argument is based on the fact that his pension had not vested as of the date of the decree since he had only been employed by the Louisville Police for 33 months. Under the terms of the pension, an officer must be employed by the police department for at least 60 months or his contributions to the pension are forfeited.[1]

We do not agree that the pension had zero value at the time of the decree because it was non-vested. On the contrary, it had a value of about $4,865.00 at that time. However, if a pension is non-vested at the time of the decree, it cannot properly be divided and awarded to the spouse at that time since the pensioner's interest is purely speculative. *Poe v. Poe,* Ky.App., 711 S.W.2d 849 (1986); *Ratcliff v. Ratcliff,* Ky.App., 586 S.W.2d 292 (1979).

The trial court in this case did not directly award Carol a portion of Danny's pension. Rather, Carol was awarded a like kind share of other marital property while Danny was awarded the full value of his pension. Such an approach would seem to be permitted by *Ratcliff v. Ratcliff,* Ky. App., 586 S.W.2d 292 (1979), which allowed a non-vested pension to be considered an economic circumstance under KRS 403.190 in dividing the parties' marital property, but did not allow the pension itself to be divided as marital property because it was non-vested. However, there is conflicting authority on the merits of such an approach.

In *Poe v. Poe,* 711 S.W.2d 849 (1986), *Ratcliff, supra,* was, at the very least, called into doubt because *Ratcliff* was

---

1. The validity of this forfeiture has been specifically upheld in *Louisville Policemen's Retire-* *ment Fund v. Bryant,* Ky., 556 S.W.2d 6 (1977).

based on the erroneous assumption that a non-vested pension cannot be considered marital property. *Poe, supra,* holds that a non-vested pension is properly considered marital property, but is also a speculative interest such that division of the pension must be deferred until the pension has vested. We prefer to follow the authority in *Poe* because we agree with the Court in *Poe* that a non-vested pension is marital property, but should not be divided until it has vested. We feel this solution is more equitable for both parties in that the non-pensioner spouse will receive exactly that portion of the pension to which she is entitled (instead of perhaps receiving an inadequate amount of marital property), while the pensioner spouse will not be unjustly penalized by the unequal distribution of marital property in the event his pension does not vest.

Accordingly, in the present case, the trial court erred in awarding Carol certain marital property in lieu of her portion of Danny's pension.[2] However, it would appear that said error has been cured by the passage of time as our calculations indicate that the pension should have vested in June 1992. If, for some reason, the pension did not vest and was forfeited, the award to Carol in lieu of her share of the pension should be reversed and the case remanded for redistribution of those assets. If the pension has vested, we nevertheless remand for specific findings on the amount of Carol's interest in the marital residence which is specifically attributable to her share of Danny's pension. In reviewing the decree as it stands, we cannot discern how much Carol was awarded in lieu of the pension in order to ascertain whether the formula in *Poe, supra,* was followed in calculating her interest in the pension.

■ Danny's next argument is with regard to certain debts which he claims were erroneously assigned to him. The first was a student loan of which Danny paid

$3,100 prior to the decree with marital funds he withdrew immediately prior to the separation. Danny maintains that the proceeds of the loan were used for marital purposes and, thus, one-half of that amount should have been assigned to Carol as marital debt. Loans obtained to get an educational decree are considered non-marital debts. *Van Bussum v. Van Bussum,* Ky.App., 728 S.W.2d 538 (1987). While Danny claims the funds were used for household purposes (of which there is no proof), the fact remains that the purpose of the loan was to attend college (which Danny did) and that such schooling had to be paid for at some point with funds of the parties'. Thus, the court did not err in failing to assign part of the debt on the student loan to Carol.

Another debt about which Danny complains was the $1,721.24 debt for repairs on the car awarded to Danny. Specifically, Danny complains that the debt should have been subtracted from the value of the car in calculating its equity for purposes of property division. However, in Danny's brief he states that the repairs were already included in the fair market value appraisal done in 1990. Therefore, his argument is without merit.

■ The last debt in question is the $3,965.14 debt on the Searay boat awarded to him. The trial court found and Danny does not deny that the boat was purchased solely for Danny's benefit. Hence, we cannot say it was improper for the trial court to assign him the full debt on the boat.

■ Danny next argues that the trial court abused its discretion in awarding Carol $850 in attorneys fees. It is well settled that an allocation of attorneys fees in a divorce action is entirely within the trial court's discretion. *Browning v. Browning,* Ky.App., 551 S.W.2d 823 (1977). The only requirement is that there be a disparity in the financial resources of the parties. KRS 403.220; *Gentry v. Gentry,*

---

**2.** The lower court and appellee cite *Combs v. Combs,* Ky.App., 622 S.W.2d 679 (1981) as authority for its award to Carol of a portion of the marital residence in lieu of her share of the pension. *Combs, supra,* is distinguishable from

the present case by the significant fact that the pension in *Combs* was vested, although not in pay status. *See Owens v. Owens,* Ky.App., 672 S.W.2d 67 (1984).

Ky., 798 S.W.2d 928 (1990). While Danny earns only $4,550 more a year than Carol, that difference represents approximately 27% of what Carol earns. In viewing their earnings relatively, there is a disparity in financial resources, albeit not a great one. Hence, we cannot say the court abused its discretion awarding Carol attorney fees.

The last issue raised by Danny is that the trial court failed to rule on his motion to claim the minor child as a dependent on his tax return. That issue was not listed in appellant's prehearing statement and, therefore, it is precluded from our review.

*Howard v. Magoffin County,* Ky.App., 734 S.W.2d 499 (1987).

For the reasons stated above, the judgment of the Jefferson Circuit Court is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

All concur.