**Mark YOUNG, Appellant,**

v.

**Cheryl YOUNG, Appellee.**

No. 2008–CA–000845–MR.

Court of Appeals of Kentucky.

May 21, 2010.

Steven R. Dowell, Covington, KY, for appellant.

Margo L. Grubbs, Covington, KY, for appellee.

Before KELLER and NICKELL, Judges; LAMBERT,[1] Senior Judge.

## OPINION

NICKELL, Judge.

Mark Young has appealed from the Kenton Circuit Court's classification and division of his firefighter's pension plan as a marital asset. He claims his un-vested defined benefits plan was exempt from division in a dissolution action by operation of KRS 61.690. He also claims the trial court improperly included premarital contributions in its award and utilized an incorrect method of dividing the pension.

Mark and Cheryl Young were married on October 29, 1989. Prior to and during the marriage, Mark was employed as a firefighter for the City of Covington, Kentucky, and contributed to a defined benefits plan administered by the Kentucky

Employees Retirement System (KERS). Mark and Cheryl separated in November of 2003, and a dissolution of marriage action was commenced on December 1, 2003. A final decree dissolving the marriage was entered on December 12, 2005, and a partial separation agreement was entered the same day resolving all issues within the marriage except the division of Mark's pension.

Following a series of motions and responses regarding the pension division, the trial court entered a supplemental judgment on April 8, 2008, concluding the pension was a marital asset subject to division. Finding Mark's pension had not yet vested, the trial court found the delayed division method set forth in *Poe v. Poe,* 711 S.W.2d 849 (Ky.App.1986), was the most equitable method of dividing the pension and granted Cheryl "one-half of 194/240 months of service credit of [Mark's] pension as of November 2, 2007, [Mark's] 20th anniversary of plan participation." This appeal followed.

■ Mark contends the trial court erred in finding his pension was a divisible marital asset because, at the time the divorce action was filed, KRS 61.690 prohibited courts from dividing firefighter pensions in dissolution actions. Further, he contends the trial court erroneously included premarital contributions and contributions during the two year period KRS 61.690 prohibited division of his pension. Finally, he contends the trial court erred in utilizing the delayed division method for calculating entitlement to benefits. We disagree with Mark's allegations. However, we conclude the trial court used the wrong date when valuing Mark's pension for division purposes.

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

A trial court's ruling regarding the classification of marital property is reviewed *de novo* as the resolution of such issues is a matter of law. *Heskett v. Heskett,* 245 S.W.3d 222, 226 (Ky.App.2008). We review a trial court's determinations of value and division of marital assets for abuse of discretion. *Armstrong v. Armstrong,* 34 S.W.3d 83, 87 (Ky.App.2000) (quoting *Duncan v. Duncan,* 724 S.W.2d 231, 234–35 (Ky.App.1987)).

KRS 61.690 protects retirement accounts of Kentucky employees from "execution, attachment, garnishment, or any other process, and an assignment thereof shall not be enforceable in any court." However, numerous opinions of this Court and the Supreme Court of Kentucky have held nothing within KRS 61.690 bars the equitable distribution of the pension as marital property in divorce proceedings. *See Shown v. Shown,* 233 S.W.3d 718 (Ky. 2007); *Glidewell v. Glidewell,* 859 S.W.2d 675 (Ky.App.1993). In 2000, the General Assembly amended KRS 61.690 to exempt KERS benefits from consideration as marital property. However, this amended language was deleted in 2002 and has not been reinstated. Thus, the exemption provision no longer has any legal effect.

Additionally, and contrary to Mark's assertion, the provision for the exemption of KERS benefits from consideration as marital property was not in effect on either the date the divorce action was filed or the date of dissolution.[2] Thus, it is unnecessary to determine in this appeal which date controls as the law remained unchanged throughout the course of the instant litigation. Further, it is inescapable that the Legislature did not intend for the statute to exempt firefighter pension plans from distribution as marital property as it promptly deleted the provision. Therefore, Mark's argument that his pension should not have been considered a marital asset to be divided in the divorce proceeding based on the prohibition contained in KRS 61.690 is without merit.

Next, Mark contends the trial court improperly awarded Cheryl a portion of his separate nonmarital property when it included premarital contributions in its division of his pension as well as sums contributed during the two-year period that KRS 61.690 prohibited the division of firefighter pensions. However, as we have previously noted, the prohibition provision Mark relies upon was not in effect during the pendency of the instant action. Thus, because that provision was of no legal consequence in this action, it would have been wholly improper for the trial court to exempt contributions made during the period in which the prohibition portion of the statute was in effect. Mark cites us to no authority supporting his argument nor any precedent authorizing the exclusion he seeks.

Further, it is clear from the record that the trial court exempted Mark's premarital contributions to the pension from division by awarding Cheryl a one-half interest in only a fraction of Mark's pension. The trial court deducted forty-six months from the 240 months of service Mark would have accumulated on the twentieth anniversary of his participation in the pension plan. This reduction clearly represents the twenty-four months of contributions Mark made prior to the marriage and the twenty-two months of contributions he made after entry of the divorce decree. Thus, based on the record before us, we

---

2. Mark argues the exemption provision in KRS 61.690 was in effect from July 14, 2002, to July 15, 2004. However, our review of the legislative history of the statute reveals the actual effective dates of the provision in question were July 14, 2000, through July 15, 2002. The statute has not been amended in any way since the 2002 Legislative session.

are unable to conclude the trial court improperly included premarital contributions in its award.

■ Nevertheless, the law is clear "that pension and profit sharing plans should be valued on the date of the divorce decree." *Armstrong,* 34 S.W.3d at 86 (citing *Clark v. Clark,* 782 S.W.2d 56, 62 (Ky.App.1990)). The trial court's award incorrectly set the valuation date at November 2, 2007, the date of Mark's twentieth anniversary of participation in the pension plan. Thus, we are required to reverse and remand this matter for entry of an award valuing the pension on December 12, 2005, the date of entry of the instant divorce decree. On remand, the trial court must recalculate the coverture fraction to be used in dividing the pension based on this earlier date.

■ Finally, Mark contends the trial court erred in utilizing the delayed division method in allocating his pension benefits. He contends the trial court should have used the net present value method and it was erroneous not to do so. Again, we disagree. The three methods of dividing pension benefits utilized by courts across the country are the delayed division method, the net present value method, and the reserve jurisdiction method. *Armstrong v. Armstrong,* 34 S.W.3d 83, 85 (Ky.App. 2000) (citing *In re the Marriage of Hunt,* 909 P.2d 525, 530–31 (Colo.1995)).

In the delayed division method, a formula is used to determine the division at the time of the decree but the actual distribution of monies is delayed until payments under the pension are received. Each party then receives the appropriate percentage of the pension payments as they are paid out in accordance with the formula. The use of this method has long been approved in this Commonwealth. *See Poe;*

*Duncan v. Duncan,* 724 S.W.2d 231 (Ky. App.1987); *Foster v. Foster,* 589 S.W.2d 223 (Ky.App.1979).

In the net present value method, the trial court calculates the present value of the pension and awards a percentage of that amount in a lump sum to the non-employee spouse. This lump sum award is generally granted in the form of an equivalent value of property rather than as a cash award. Thus, this method requires the availability of significant additional marital assets to equalize the property distribution. Under this method, the employee spouse retains all rights to the pension free of any claims from the non-employee. This method has likewise been favorably utilized in Kentucky. *See generally, Duncan,* 724 S.W.2d at 233.

■ In the reserve jurisdiction method, the percentage of the pension to be received by the non-employee spouse is not determined until the pension is fully vested and has matured. This method utilizes the employee's salary at the time of retirement rather than at the time of divorce to calculate the amounts due to the non-employee spouse. Although utilized by some of our sister jurisdictions, this method has received unfavorable treatment in our courts. *See Armstrong,* 34 S.W.3d at 85–87 (holding precedents in Kentucky militate against use of the reserve jurisdiction method).

[I]t is axiomatic that a trial court retains broad discretion in valuing pension rights and dividing them between parties in a divorce proceeding, so long as it does not abuse its discretion in so doing in the sense that the evidence supports its findings and they thus are not clearly erroneous. CR [3] 52.01; *Ghali v. Ghali,* Ky.App., 596 S.W.2d 31 (1980). *See also*

---

**3.** Kentucky Rules of Civil Procedure (footnote added).

*Light v. Light*, [599 S.W.2d 476 (Ky.App. 1980) ].

*Duncan*, 724 S.W.2d at 234–35. Here, the trial court clearly weighed the evidence before it in determining the proper method of dividing Mark's pension. In the exercise of its broad discretion, the trial court determined the use of the delayed division method would yield the most equitable result. Based upon the record before us, we hold the trial court's decision was supported by substantial evidence and thus there was no abuse of discretion.

Therefore, for the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed in part, reversed in part, and remanded for entry of a judgment consistent with this opinion.

ALL CONCUR.