RENDERED: DECEMBER 14, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000591-DG

SALLY CAROL GRASCH                                          APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.          CASE NOS. 2015-CA-000294 AND 2015-CA-000336
FAYETTE CIRCUIT COURT NO. 11-CI-05862

ALBERT FRANKLIN GRASCH JR                                   APPELLEE

### OPINION OF THE COURT BY CHIEF JUSTICE MINTON

### REVERSING AND REMANDING

We accepted discretionary review of this marital-dissolution case to determine as a matter of first impression in Kentucky whether an attorney's contingent-fee contracts should be considered marital property to be divided as part of the equitable division of the marital estate. We hold that they should, reversing the Court of Appeals. We also hold that trial courts must apply the delayed-distribution method to determine the actual distribution of funds.

### I. FACTUAL AND PROCEDURAL HISTORY.

When Albert and Sally Grasch divorced, Albert had an active law practice in which he had executed contingent-fee contracts with some clients, which the trial court treated as a component of Albert's income when received and not as property of the marital estate subject to division. Sally argues to this Court–as

she did in the courts below–that these contracts constitute divisible marital property in a dissolution of marriage proceeding, the value of which she claims the right to share, while Albert counters–as he successfully argued below–that these contracts are not marital property.

## II. ANALYSIS.

"[A] trial court's ruling regarding the classification of marital property is reviewed *de novo* as the resolution of such issues is a matter of law."[1]

In order to ascertain whether a contingent-fee contract qualifies as divisible marital property in a dissolution proceeding, we must first define *marital property*. KRS 403.190(2) defines *marital property* as "all property acquired by either spouse subsequent to the marriage..." with various exceptions, none of which apply in this case. Because *marital property* includes all *property* acquired by either spouse subsequent to the marriage, we must provide a definition of *property*. This Court defines *property* broadly and expansively, stating in *Travis v. Travis* that *property*, as used in KRS 403.190, "refers to a determinate thing or an interest in a determinate thing."[2]

We must also ascertain what exactly a contingent-fee contract is. A *contingent-fee contract* has been defined as a fee agreement under which the attorney will not be paid unless the client is successful.[3] This Court in *First Nat. Bank of Louisville v. Progressive Cas Ins. Co.* explained the nature of the

---

[1] *Young v. Young*, 314 S.W.3d 306, 308 (Ky. App. 2010) (citing *Heskett v. Heskett*, 245 S.W.3d 222, 226 (Ky. App. 2008)).

[2] 59 S.W.3d 904, n.6 (Ky. 2001).

[3] Robert L. Rossi, *Attorney's Fees*, § 2:1 Definition and Validity Generally (3d ed., June 2017 update).

2

contingent-fee contract. According to *First National Bank*, a contingent-fee contract is nothing more or less than a certain and specific property right—it is the right to assert a cause of action to enforce a lien on a client's potential recovery in order to secure rightfully contracted-for payment for legal services.[4] In other words, the right is that of a *chose in action*. A *chose in action* is the right to bring a lawsuit, which the Court of Appeals in *Poe v. Poe* stated to be "undeniably a property right."[5]

In deciding this issue, we find ourselves drawn to the reasoning of the Court of Appeals' analysis of a similar issue in *Poe v. Poe*.[6] In holding a nonvested military pension to be marital property, the Court of Appeals first recognized that it needed to change the way it analyzed property law as it relates to family law.[7]

The Court of Appeals acknowledged the "traditional" way of thinking about property law as it relates to family law: "[I]t is apparently reasoned...that absent some present right to payment, future or immediate, a spouse's interest

---

[4] 517 S.W.2d 226, 230 (Ky. 1974) (discussing contingent-fee contract as affording attorney a cause of action to enforce a lien on the actual contingent fee itself); *See also* 7A C.J.S. Attorney & Client § 473(Dec. 2017 update) ("Generally, a contingent-fee contract does not create an immediate property right in the possible future fee."); W.W. Allen, *Terms of Attorney's Contingent-Fee Contract as Creating an Equitable Lien in His Favor*, 143 A.L.R. 204 (originally published in 1943, updated weekly) ("An equitable lien arising from an attorney's contingent-fee contract ordinarily attaches...merely as of the time when the fund comes into existence....Attorneys' contingent-fee contracts are frequently construed as creating equitable liens on funds recovered by settlement or otherwise.")

[5] 711 S.W.2d 849, 855 (Ky. App. 1986).

[6] The Court of Appeals' analysis in *Poe* provided the correct groundwork for the recognition of other forms of "nonvested" property. *See McGinnis v. McGinnis*, 920 S.W.2d 68 (Ky. App. 1995) (holding nonvested shares of stock as marital property).

[7] 711 S.W.2d at 855.

3

in a nonvested pension plan such as the military plan now before us cannot be considered 'property' and is instead a mere expectancy which cannot be divided as marital property...." The Court of Appeals then stated, "For several reasons we consider such reasoning, albeit traditionally accepted, to be inadequate in the present circumstances."[8]

The Court of Appeals then outlined the pitfalls of applying traditional property law concepts to the idea of marital property, including the problem with making decisions about what constitutes marital property based on the concept of the "vesting" of property, finally culminating in a statement that we find to be most applicable in our analysis today: "Setting aside this [traditional] approach for the moment, we turn to the courts of New Jersey, *which have wisely avoided the pitfall of becoming entangled in applying ancient property law concepts to such an unusual and important marital asset.*"[9] Taking into account the wise reasoning of *Poe*, we cannot confine ourselves to thinking about this issue under the cloud of "ancient property law concepts," such as the "vesting" of property.

The Court of Appeals applied New Jersey's rule that "vesting as it originated in the law of future interests has been specifically held in New Jersey to have little meaning in determining the equitable distribution of the marital estate."[10] The rationale New Jersey uses in analyzing issues of marital

---

[8] *Id.*

[9] *Id.* at 856 (emphasis added).

[10] *Id.* (citing *McGrew v. McGrew*, 377 A.2d 697 (N.J. 1977) (citing *Stern v. Stern*, 331 A.2d 257, 262 (N.J. 1975))).

4

property is the same rationale we apply to support our holding, as the Court of Appeals did in *Poe* to support its holding:

> While the uncertainty of enjoying benefits may be a factor to be considered in awarding distribution, the failure of the property interest to have vested in the sense essential to the alienability of real estate does not disqualify it as property acquired during the marriage for purposes of equitable distribution. Of greater importance...is "the nature of the interest and defendant's control over it."[11] Although some question exists as to when or whether the retirement benefits will be enjoyed, the consideration critical to the issue of distribution is the extent to which the anticipated benefits will have been generated by the mutual effort of the parties. Thus, the court's focus must rest upon the equities which are relevant to the claims asserted upon the proceeds, when, as, and if they materialize.[12]

The Court of Appeals also recognized that:

> [Plan-holding spouse] does, at least in one sense, have a 'vested' interest in the retirement plan. Upon his employment and rendition of services, [plan-holding] spouse has a vested interest to participate in the plan, which if wrongfully denied by his employer would be the proper basis for a suit at law to enforce his contractual rights.[13] This interest has been described to be in the nature of a chose in action which is undeniably a property right. Thus, while [plan-holding spouse]'s rights in his military pension plan may not be *fully* vested so as to inalienably entitle him to payment at some later time, he does have a vested interest in participating in the pension plan. This is a vested interest then which [non-plan-holding spouse], through her support as homemaker and helpmate, enabled [plan-holding spouse] to acquire and continue throughout their marriage.[14]

So while the right to the actual funds from the pension had not vested yet, what did vest was the plan-holding spouse's right to participate in the pension and bring a cause of action if denied that participation. This is exactly the

---

[11] Citing *Blitt v. Blitt*, 353 A.2d 144, 147 (N.J. Ch. Div. 1976).

[12] *Poe*, 711 S.W.2d at 856.

[13] *Id.* at 885.

[14] *Id.*

5

interest that an attorney spouse has in a contingent-fee case—although the attorney does not possess a vested right to the actual contingent fee itself until the case is won or settled, when the attorney and client sign a contract for a contingent-fee case, the attorney does possess the right to work on that case for that client and to bring suit if the client unjustly interferes with that right.[15] The Court of Appeals in *Poe* went on to recognize nonvested military pensions as marital property.[16]

Like a nonvested military pension, the "nature of the interest" of a contingent-fee contract is that of a chose in action, and, like the military employee, the attorney possesses full control over that chose in action. While the attorney spouse may put forth work, for the benefit of the marriage, on the contingent-fee case itself, the non-attorney spouse, through that spouse's work and efforts elsewhere for the benefit of the marriage, anticipates receipt of the benefits resulting from the attorney spouse's work on that case. This is just like the plan-holding spouse's receipt of the benefits of the plan because of the direct work performed, for the benefit of the marriage, for the entity issuing the plan, and the non-attorney spouse's entitlement to those same benefits because of that spouse's work and efforts elsewhere, for the benefit of the marriage.

---

[15] *See Baker v. Shapero*, 203 S.W.3d 697, 699 (Ky. 2006) ("[W]hen an attorney employed under a contingency fee contract is discharged without cause before completion of the contract, he or she is entitled to fee recovery on a *quantum meruit* basis....").

[16] *Id.* at 857.

6

We fail to see a material distinction between a nonvested military pension and a contingent-fee contract so as to hold that nonvested military pensions are marital property and, at the same time, that contingent fee contracts are not. Instead, we hold that contingent-fee contracts do constitute marital property under KRS 403.190(2). This holding is consistent with the trend in other states that hold contingent-fee contracts constitute marital property, although admittedly some states have held the opposite.[17]

Understanding the practicalities of our holding, we now provide guidance as to the procedure for the division of this property in a dissolution proceeding. In *Poe*, the Court of Appeals applied the "delayed division" method to distribute the actual pension fund once the plan-holding spouse started receiving payments.[18] We adopt this method to determine the distribution of this marital property, adhering to our consistent use of this method in Kentucky law:

> In the delayed division method, a formula is used to determine the division at the time of the decree, but the actual distribution of monies is delayed until payments...are received. Each party then receives the appropriate percentage of the...payments as they are paid out in accordance with the formula. The use of this method has long been approved in the Commonwealth.[19]

This method not only affords the non-attorney ex-spouse the rightfully obtained property interest created during the marriage, but also protects the

---

[17] For a brief overview of this discussion, *see* Charles W. Davis, *Divorce and Separation: Attorney's Contingent Fee Contracts as Marital Property Subject to Distribution*, 44 A.L.R.5th 671 (originally published in 1996 but continuously updated).

[18] *Poe*, 711 S.W.2d at 856.

[19] *Young v. Young*, 314 S.W.3d 306, 309 (Ky. App. 2010) (citing *Poe v. Poe*, 711 S.W.2d 849 (Ky. App. 1986); *Duncan v. Duncan*, 724 S.W.2d 231 (Ky. App. 1987); *Foster v. Foster*, 589 S.W.2d 223 (Ky. App. 1979)).

attorney ex-spouse from distributing to the non-attorney ex-spouse anything until the case is settled or won, because the attorney ex-spouse may ultimately prove to be unsuccessful in the case and receive nothing. We wish to highlight that the formula must take into account the fact that the non-attorney ex-spouse is only entitled to a share of the contingent fee attributable to the work done by the attorney spouse before the dissolution, as is usually the case with the application of the delayed-division method. Lastly, the trial court, by order, should require the attorney ex-spouse to notify the trial court and the non-attorney ex-spouse of receipt of the contingent fee to be divided when the contingent fee is earned or lost in order for the trial court to enter such additional orders as necessary to complete the delayed distribution.

This method also captures the modern relationship between property law and family law. Admittedly, affording the non-attorney ex-spouse property rights in the actual contingent fee, instead of that ex-spouse's share of the value of the chose in action to recover that fee, does not conform with traditional notions of property law—only the right to the chose in action has vested, not the contingent fee itself. But, as stated, the Court of Appeals in *Poe* and other states that have recognized contingent-fee contracts as marital property correctly note that marriage and its dissolution must be treated equitably, focusing on the contribution of the non-attorney ex-spouse to the marriage through work both outside and inside the home. While the right to the proceeds from the fund had not yet vested for the plan-holding spouse in *Poe*, the Court of Appeals recognized that the efforts by both ex-spouses during the marriage contributed to some of the proceeds from the pension, and that

8

the non-plan holding spouse was entitled to the portion of the fund that the non-plan holding spouse contributed work and efforts towards during the marriage. We apply the same line of thought to dismiss any notion of "vesting" as a limitation on a non-attorney ex-spouse's right to recover that ex-spouse's fair share of the contingent fee earned during the marriage.

### III.     CONCLUSION.

We reverse the Court of Appeals and hold that a contingent-fee contract in existence during the marriage does constitute marital property to be divided in a dissolution proceeding. Additionally, we hold that trial courts shall apply the delayed-division method to determine the distribution to the attorney and non-attorney ex-spouses. Accordingly, we remand this case to the trial court for further proceedings consistent with this opinion.

Minton, C.J.; Cunningham, Hughes, Keller, Venters and Wright, JJ., sitting. Minton, C.J.; Cunningham, Hughes, Keller, Venters and Wright, JJ., concur. VanMeter, J., not sitting.


COUNSEL FOR APPELLANT:

Suzanne Marie Baumgardner
Valerie S. Kershaw
Kershaw & Baumgardner, LLP

COUNSEL FOR APPELLEE:

Kara Read Marino
Meredith Fannin
Henry Watz Raine & Marino, PLLC


9