RENDERED: NOVEMBER 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0846-MR

WILLIAM GARRISON THOMPSON                              APPELLANT

v.                 APPEAL FROM SCOTT FAMILY COURT
HONORABLE LISA MORGAN, JUDGE
ACTION NO. 22-CI-00539

SHELBY THOMPSON                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

MCNEILL, JUDGE: This is an appeal from a dissolution of marriage, wherein the Scott Circuit Court, Family Division, addressed various marital and nonmarital assets. Appellant is William Garrison Thompson (Husband). Appellee is Shelby Thompson (Wife). The parties were married on September 7, 2019. Wife filed a Petition for Dissolution on August 30, 2022. The Decree of Dissolution was entered on May 17, 2023. The parties have no children. The sole issue on appeal

concerns the division of equity in the marital home. For the following reasons, we affirm.

## STANDARD OF REVIEW

KRS[1] 403.190 governs the disposition of marital property in a dissolution of marriage. The classification of marital and nonmarital property is reviewed de novo. *Heskett v. Heskett*, 245 S.W.3d 222, 226 (Ky. App. 2008). However, "[w]e review a trial court's determinations of value and division of marital assets for abuse of discretion." *Young v. Young*, 314 S.W.3d 306, 308 (Ky. App. 2010) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Pursuant to CR[2] 52.01, we review the court's factual findings for clear error. "[F]indings of fact are clearly erroneous only if they are manifestly against the weight of the evidence." *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008) (citing *Wells v. Wells*, 412 S.W.2d 568, 571 (Ky. 1967)). With these standards in mind, we return to the record and arguments at issue in the present case.

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

## ANALYSIS

When dividing property in a divorce, a trial court is required to follow a three-step process:

> (1) the trial court first characterizes each item of property as marital or nonmarital; (2) the trial court then assigns each party's nonmarital property to that party; and (3) finally, the trial court equitably divides the marital property between the parties.

*Travis v. Travis*, 59 S.W.3d 904, 909 (Ky. 2001) (footnotes omitted).  KRS 403.190(1) contains factors which the trial court must consider when dividing marital property.

In the present case, Husband has an annual gross income of $39,445.  Wife has an annual income of $16,370.  They stipulated to the division of most assets.  However, they dispute the division of equity in the marital home.  The home was built between 2019-2020.  The parties' agreed current value of the property is $390,000.  The balance owed near the time of dissolution was $218,491.42.  The total equity is $171,509.

Husband's Father, Chris Thompson, owns a contracting company WTC Services, LLC (WTC).  WTC performed most of the construction on the home.  Husband is employed by WTC.  The court described the building of the home to be a "family project."  More precisely, Chris Thompson testified that he gave his son a discount for WTC's services by not charging an overhead fee or

15% profit. Husband claims that these estimated waived fees constitute an $88,464 nonmarital gift traceable to the equity in the marital home. The family court disagreed and awarded each party a one-half interest in the equity.[3]

"In Kentucky, all property acquired by either party during the marriage is presumed to be marital property. KRS 403.190(3)." *Allison v. Allison*, 246 S.W.3d 898, 904 (Ky. App. 2008). Gifts are one exception. KRS 403.190(2)(b). In *Sexton v. Sexton*, 125 S.W.3d 258 (Ky. 2004), our Supreme Court addressed the legal elements applicable to cases involving gifts between spouses:

> [T]he Court of Appeals set forth four (4) factors that trial courts should consider in determining if a transfer was a gift and thus a spouse's nonmarital property: one, "the source of the money with which the 'gift' was purchased," two, "the intent of the donor at that time as to intended use of the property," three, "status of the marriage relationship at the time of the transfer," and four, "whether there was any valid agreement that the transferred property was to be excluded from the marital property." . . . Clearly, the donor's intent is the primary factor in determining whether a transfer of property is a gift, and we likewise hold that the donor's intent is also the primary factor in determining whether a gift is made jointly to spouses or individually to one spouse. The donor's testimony is highly relevant of the donor's intent;

---

[3] Husband and Chris allege that the gift was devised prior to the marriage and not memorialized by writing. It also appears that construction on the home began prior to the marriage. However, most of the construction occurred after the marriage. And most of the alleged discounts would have occurred as an accounting reality after the marriage. In any event, the parties are not seeking an offset for actual monetary funds secured or expended by Husband prior to the marriage. Rather the issue here is whether the discounted charges constitute a gift to husband alone.

-4-

however, the intention of the donor may not only be "expressed in words, actions, or a combination thereof," but "may be inferred from the surrounding facts and circumstances, including the relationship of the parties[,]" as well as "the conduct of the parties[.]"

*Id*. at 268-69 (footnotes and citations omitted). *See also Hunter v. Hunter*, 127 S.W.3d 656, 660 (Ky. App. 2003) ("Whether property is considered a gift for purposes of a divorce proceeding is a factual issue subject to the clearly erroneous standard of review."). Furthermore, "[l]ike other nonmarital claimants of property acquired during marriage, a party claiming that property is nonmarital by reason of the gift exception has the burden to prove it." *Sexton*, 125 S.W.3d at 267 (footnote omitted). The family court in the present case made the following relevant findings:

> [T]his Court is unable to even ascertain what the actual costs incurred were or how they were paid for. . . . Nor is it clear that these additional charges (or general contracting services for that matter) are customarily added into WTC contracts for services. Regardless, the Thompsons were not charged any additional fees for profit or overhead. Although one can assume that if they had been charged, perhaps the Thompsons would have had to incur additional debt. However, they also could have utilized a different company or [Husband] could have been his own general contractor and not incurred these fees either, especially if [Wife] had been made privy to this alleged agreement. It is likewise fallacy to assume that this malleable alleged gift can be traced into a set amount of the equity in the home given the total contributions. Further, neither party has reported this alleged $88,000+ gift to the IRS, and [Husband] tellingly withdrew approximately half of the total equity in the

home to buy-out [Wife] at the outset of these proceedings, evidencing his own belief that any equity in the home was entirely marital. Even [Husband's] testimony leads the Court to believe that this was an after-the-fact issue inserted by [Husband's] father when the parties began divorce proceedings as opposed to a gift intended for [Husband] only.

Husband's primary evidence is his own testimony and his father's testimony. Both testified that the discount was exclusively a gift to Husband. The family court properly considered the weight and credibility of this, and other evidence presented. *See* CR 52.01; *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) "[D]ue regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court.") (internal quotation marks and citations omitted).

Ultimately, the family court concluded that Husband had not met his burden of proof that the gift exception applies. *See Sexton*, 125 S.W.3d at 267 (footnote omitted). *Cf. Lewis v. Fulkerson*, 650 S.W.3d 288 (Ky. App. 2022) (affirming trial court's holding that wife satisfied her burden in demonstrating that a $1,700,000 trust in wife's name was a gift to wife). We have been presented with no clear legal or factual dictate that necessitates reversal here. Therefore, in consideration of the arguments and record presented on appeal, we cannot

conclude that the family court committed clear error in its factual findings, or that it ultimately abused its discretion in the disposition of property.

## **CONCLUSION**

For the foregoing reasons, we hereby affirm the Scott Family Court's Findings of Fact, Conclusions of Law, and Decree, entered on May 17, 2023.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Richard M. Rawdon
Georgetown, Kentucky

BRIEF FOR APPELLEE:

David Higdon
Georgetown, Kentucky