RENDERED: APRIL 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0655-MR

JAMES WHITE                                                                APPELLANT

v.                  APPEAL FROM BOONE CIRCUIT COURT,
                         FAMILY COURT DIVISION
               HONORABLE KENDRA L. MCCARDLE, JUDGE
                         ACTION NO. 23-CI-00390

JULIE WHITE                                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND ECKERLE, JUDGES.

THOMPSON, CHIEF JUDGE: James White appeals from an order of the Boone

Circuit Court, Family Division, denying his motion for maintenance in a

dissolution of marriage proceeding. Appellant argues that the circuit court erred in

failing to conclude that Appellant proved the statutory elements to support an

award of maintenance. After careful review, we find no error and affirm the order

on appeal.

## FACTS AND PROCEDURAL HISTORY

On April 11, 2024, the Boone Family Court entered a decree of dissolution dissolving the marriage of James White (Appellant) and Julie White (Appellee). The parties were married for 26 years and have two children who have reached the age of majority. During the marriage, Appellant worked as an aircraft mechanic and left that employment in 2005 after his employer relocated about 90 miles away. Thereafter, Appellant did not work outside the home other than a few odd jobs and was a stay-at-home father. At the time of dissolution, Appellee was employed by DHL and earned approximately $150,000.00 per year. The decree incorporated the parties' separation, custody, and property settlement agreement. The decree resolved all matters except spousal maintenance. Appellant then moved for spousal maintenance.

On April 22, 2024, the family court entered an order addressing maintenance. It found that Appellant has been employed since September 2023, as a full-time mechanic at Airport Tire & Auto Service earning $15 per hour, then $20 per hour with an expectation of earning $25 per hour. The employment does not provide health insurance. The court noted that Appellant testified that he is no longer qualified to work as an aircraft mechanic. It found that in order to work again as an aircraft mechanic, Appellant would have to either return to school and retest for his mechanic's license or find an employer who would sign off on his

work for six months. Appellant has not attempted to find such employment, nor sought out work that would provide health insurance. Appellant testified that had he continued as an aircraft mechanic, he would now be earning more than $100,000.00 per year. Appellee has been employed with DHL for more than 34 years, and according to the family court has "climbed the corporate ladder."

Appellant sought spousal maintenance based on the difference in the parties' incomes and his status of stay-at-home father for many years. The family court considered its prior distribution of marital assets, which included an award of more than $277,000.00 in marital assets to Appellant, plus half of Appellee's future DHL retirement income. It found that Appellee had paid many of Appellant's expenses during the course of litigation, including several cash payments to assist him. After the parties' separation in September 2022, Appellee continued to pay Appellant's garbage, utility, and phone bills, as well as health, dental, vision, and automobile insurance. She also gave Appellant more than $9,700.00, which represented half of an employment bonus she received, and paid $1,000.00 toward his attorney fees. The court went on to examine each party's monthly income and budgets,[1] noting Appellant's monthly expenses of $2,693.00 and Appellee's monthly expenses of about $4,200.00.

---

[1] Appellant estimated his monthly budget.

After considering the parties' testimony and evidence, the family court determined that Appellant submitted no convincing testimony that he was the children's primary caretaker nor that he undertook most of the homemaking duties during the marriage which necessitated him staying home for 18 years. The court found Appellee's testimony credible that despite her employment, she contributed equally to child-rearing and household duties.

The family court also made a finding that Appellant was voluntarily underemployed. While respecting Appellant's opinion that he does not want to be an aircraft mechanic and does not feel comfortable with his current skills in this field, the court found that Appellant presented no evidence that he is unemployable in this job, nor why he has not sought out employment that provides health insurance. The court found that, despite its prior admonition to Appellant, he made no effort to prove his estimated monthly budget, his cost of health insurance, nor to seek out higher-paying employment with benefits.

Citing KRS[2] 403.200, the family court found that Appellant's estimated budget was reasonable, that the division of marital property left him with no shortfall, and that he does not lack sufficient property to provide for his reasonable needs through his current employment. It went on to conclude that Appellant has the education and skill set to acquire more lucrative employment

---

[2] Kentucky Revised Statutes.

than he has currently accepted. Based on these findings, and in light of KRS 403.200, the court denied Appellant's motion for maintenance. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant argues that the Boone Family Court erred in failing to grant his motion for an award of maintenance. He contends that the record contains more than sufficient evidence to prove the elements set out in KRS 403.200 to support such an award, and that the court's failure to enter an award of maintenance was clearly erroneous and constitutes an abuse of discretion.

Appellant directs our attention to *Inman v. Inman*, 648 S.W.2d 847 (Ky. 1982), and *Lovett v. Lovett*, 688 S.W.2d 329 (Ky. 1985), for consideration of what he characterizes as the "diploma dilemma," which he argues is relevant to the facts before us. In the cases cited by Appellant, one spouse was working while the other spouse earned a professional degree or license. In *Lovett*, for example, a wife's financial contribution to the marriage facilitated the husband's acquisition of a medical degree, and she was later awarded maintenance based in part on this contribution to the marriage. By way of analogy, Appellant notes that early on in his marriage, he was employed as an aviation mechanic with substantial earnings which allowed Appellee to commence her career with DHL. This career later became lucrative. He asserts that his financial contribution early in the marriage,

coupled with his continuing childcare and homelife support during the marriage, should inure to his benefit when requesting maintenance. Based on these facts, as well as the standard of living enjoyed by the parties; the length of the marriage; and the application of KRS 403.200(1) and (2), Appellant argues that the family court erred in failing to award him reasonable maintenance.

KRS 403.200 governs spousal maintenance and states that,

(1) In a proceeding for dissolution of marriage . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(b) Is unable to support himself through appropriate employment[.]

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently . . . ;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

We review the family court's maintenance decision for an abuse of discretion. *Young v. Young*, 314 S.W.3d 306, 308 (Ky. App. 2010); *McGregor v. McGregor*, 334 S.W.3d 113, 119 (Ky. App. 2011). To constitute an abuse of discretion, the court's decision must be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). The family court's findings of fact will not be disturbed unless they are clearly erroneous. CR[3] 52.01. "Findings of fact are not clearly erroneous if supported by substantial evidence." *Janakakis-Kostun v. Janakakis*, 6 S.W.3d 843, 852 (Ky. App. 1999). Substantial evidence is evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable people. *Id.* The family court's conclusions of law are reviewed *de novo*. *Stipp v. St. Charles*, 291 S.W.3d 720, 723 (Ky. App. 2009).

---

[3] Kentucky Rules of Civil Procedure.

Turning to the matter before us, the question is whether the Boone Family Court abused its discretion in concluding that Appellant is not entitled to maintenance. *Young*, *supra*. In examining the issues presented, the family court expressly considered the elements of KRS 403.200(1) and (2), to wit, 1) that it may grant maintenance only if it finds that the spouse seeking maintenance lacks sufficient property to provide for his reasonable needs and is unable to support himself through appropriate employment; and, 2) that the duration and amounts of an award are within the discretion of the court. It determined that Appellant's estimated budget, his income from employment, and his marital assets award were sufficient to provide for his reasonable needs per KRS 403.200(1). Additionally, the court determined that Appellant was voluntarily underemployed. This latter finding, however, was not the basis for the court's denial of support in favor of Appellant, as it already determined that he had sufficient property to provide for his reasonable needs.

## CONCLUSION

These findings are supported by the record and therefore are not arbitrary, unreasonable, unfair, nor unsupported by sound legal principles. *English*, *supra*. Thus, they do not constitute an abuse of discretion. *Young*, *supra*. We have reviewed the family court's conclusions of law *de novo*, and they comport with KRS Chapter 403 and the supportive case law. As such, we find no

error.  For these reasons, we affirm the April 22, 2024, order of the Boone Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

David L. Drake
Independence, Kentucky

BRIEF FOR APPELLEE:

William G. Knoebel
Florence, Kentucky